IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JEANINE TRACY,

Petitioner,

v.

WARDEN OF COLUMBIA CORRECTIONAL INSTITUTION and WISCONSIN DEPARTMENT OF CORRECTIONS,

Respondents.

OPINION and ORDER

26-cv-942-jdp

---

Petitioner Jeanine Tracy, proceeding without counsel, seeks relief under 28 U.S.C. § 2241 on behalf of Reginald Tracy, a state prisoner who she says is her son. Dkt. 1. Jeanine Tracy alleges that her son is in imminent danger of serious physical injury because prison officials have denied him medical care for his congestive heart failure, and that her son's conviction and sentence are unconstitutional for multiple reasons.

I must review the petition under Rule 4 of the Rules Governing Section 2254 Cases, which applies to § 2241 cases. *Keller v. Watson*, 740 F. App'x 97, 97 (7th Cir. 2018). Rule 4 authorizes me to dismiss a petition summarily if "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." I will dismiss the petition for three main reasons: (1) Jeanine Tracy is a nonlawyer, and she hasn't shown that her son could not have brought the petition himself; (2) § 2241 is the wrong vehicle for a state prisoner to challenge his conviction and sentence; and (3) a habeas corpus petition is the wrong vehicle to challenge a denial of medical care by prison officials.

## ANALYSIS

### A. The petition is improperly filed because Jeanine Tracy is a nonlawyer, and she has not shown that her son could not have brought the petition himself

A habeas corpus petition must be signed under penalty of perjury by the prisoner, or by a person authorized to sign it for the prisoner under 28 U.S.C. § 2242. *See* Rule 2(c)(5), Section 2254 Rules. Whether a person is authorized to sign a habeas petition on behalf of a prisoner is known as "next friend" standing. *See United States v. Rodrigues*, No. 05-cr-164-bbc, 2009 WL 1373614, at *2 (W.D. Wis. May 14, 2009). "It is well-settled that a next-friend may not file a petition for a writ of habeas corpus on behalf of a detainee if the detainee himself could file the petition." *Wilson v. Lane*, 870 F.2d 1250, 1253 (7th Cir. 1989). A person claiming to be a "next friend" must provide an "adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action." *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990). Even if "next friend" standing is appropriate, a next friend usually may not represent the prisoner without counsel. *See Elustra v. Mineo*, 595 F.3d 699, 704 (7th Cir. 2010) ("Normally, representative parties such as next friends may not conduct litigation *pro se*; pleadings may be brought before the court only by parties or their attorney."); *Tuttle v. Ill. Dep't of Child. & Fam. Servs.*, 7 F.3d 238, at *1 (7th Cir. 1993) (unpublished order) (stating that a parent "cannot litigate the claims of h[er] children unless [s]he obtains counsel").

Here, Jeanine Tracy hasn't explained why Reginald Tracy could not have brought the petition himself. She says that her son has been denied medical care for congestive heart failure, but prisoners with similar problems routinely manage to bring habeas corpus and other actions

in federal court. Jeanine Tracy hasn't shown a basis for "next friend" standing, and she has not shown that it would be appropriate for the court to recruit volunteer counsel to represent her.

**B. The petition is improperly filed under § 2241 because Reginald Tracy is a convicted prisoner**

Online Department of Corrections records indicate that Reginald Tracy is currently in DOC custody pursuant to a conviction for possession of firearm by a felon in Milwaukee County case no. 2021CF2262.[1] My authority to grant habeas relief to a state prisoner is limited by 28 U.S.C. § 2254, "which specifies the conditions under which such relief may be granted." *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000). Stated differently, "as a practical matter the requirements of § 2254 must be met by all state prisoners filing petitions for writs of habeas corpus after conviction." *Id.* I have discretion to treat a § 2241 petition as a § 2254 petition, but that would not be proper here. Section 2254 requires petitioners to "exhaust[] the remedies available in the courts of the State." *See Wilson v. Cromwell*, 58 F.4th 309, 319 (7th Cir. 2023); 28 U.S.C. § 2254(b)(1)(A), (c). Jeanine Tracy acknowledges that the exhaustion requirement hasn't been met. Her conclusory contention that the exhaustion requirement is excused does not show that to be the case.

**C. The petition is improperly filed because a habeas corpus petition is the wrong vehicle to challenge a prisoner's conditions of confinement**

Constitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, must be brought pursuant to 42 U.S.C. § 1983. *See Nelson v. Campbell*, 541 U.S. 637, 643 (2004). Denials of medical care by prison staff challenge a prisoner's conditions of confinement and, therefore, must be brought under

[1] https://appsdoc.wi.gov/lop/home/home.

§ 1983. *See id.*; *see also Glaus v. Anderson*, 408 F.3d 382, 386 (7th Cir. 2005) (calling a prisoner's challenge to "constitutionally deficient medical care" a "classic conditions of confinement claim").

The converse is also true, namely, § 1983 "may not be used to mount a collateral attack on the plaintiff's criminal conviction." *Scruggs v. Moellering*, 870 F.2d 376, 378 (7th Cir. 1989), *abrogated on other grounds by Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429 (1993). The petition in this case improperly combines § 1983 and habeas corpus claims.

I decline to convert the challenge to Reginald Tracy's medical care into a separate § 1983 case. The first problem concerns Jeanine Tracy's assertion of her son's rights. "[P]arties may plead and conduct their own cases personally" in federal court. *See* 28 U.S.C. § 1654. The right to proceed without counsel is "personal to each individual and does not grant authority to prosecute an action in federal court on behalf of others." *Bronk v. Utschig*, No. 12-cv-832-wmc, 2012 WL 6586485, at *3 (W.D. Wis. Dec. 17, 2012); *see also Timson v. Sampson*, 518 F.3d 870, 873 (11th Cir. 2008) (stating that § 1654 provides "a personal right that does not extend to the representation of the interests of others"). Again, a parent "cannot litigate the claims of h[er] children unless [s]he obtains counsel." *Tuttle*, 7 F.3d 238, at *1.

The second problem has to do with conversion specifically. "There are pitfalls of different kinds for prisoners using the wrong vehicle." *Glaus*, 408 F.3d at 388. For instance, if "a person files a habeas corpus petition that should be presented under other statutes, he or she may be subject to the three-strikes rule of the [Prison Litigation Reform Act] and somewhat different exhaustion requirements." *Id.* "Other important differences include the identity of the defendant (the warden, versus the doctors, or guards, or others responsible for the alleged injury), the amount of the filing fee, the way in which exhaustion must be accomplished, and

the type of restriction on successive lawsuits." *Id.* "In most cases, therefore, the district court should evaluate cases as the plaintiffs label them." *Id.*

Even if Jeanine Tracy could bring a § 1983 action on behalf of her son, conversion would implicate these pitfalls. So conversion would not be an appropriate.

## CONCLUSION

For the reasons explained above, the petition is plainly improper. So, I will dismiss the petition without leave to amend. But this dismissal is without prejudice to the right of Reginald Tracy himself to pursue the habeas corpus and civil rights claims raised in the petition in separate federal actions.

## ORDER

IT IS ORDERED that:

1. The petition, Dkt. 1, is DISMISSED without leave to amend as improperly filed.
2. Petitioner is to be recaptioned as "Jeanine Tracy."
3. The clerk of court is directed to enter judgment and close the case.

Entered September 30, 2026.

BY THE COURT:

/s/

JAMES D. PETERSON
District Judge